**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER ON MOTION

Appellate case name:          In the Interest of T.L.B., Jr., a/k/a T.B., A Child

Appellate case number:     01-16-00806-CV

Trial court case number:    2015-05274J

Trial court:                        314th District Court of Harris County

This is an accelerated appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue ("parental termination case"). The appellate records were completed in this case after the clerk's record was filed on November 11, 2016, which set appellant's brief due to be filed within 20 days, or by December 5, 2016. *See* TEX. R. APP. P. 38.6(a)(1). On the day after the brief was due, December 6, 2016, appellant's counsel, James H. Dyer, filed this motion for a first extension of time to file the appellant's brief until January 15, 2017, with a certificate of conference stating that he could not reach appellee's counsel for consent. *See* TEX. R. APP. P. 10.1(a)(5), 10.5(b), 38.6(d).

Appeals in parental termination cases are to be brought to final disposition within **180 days** of the date the notice of appeal is filed, so far as reasonably possible. *See* TEX. ST. JUD. ADMIN. R. 6.2(a) (West Supp. 2016). The notice of appeal in this case was timely filed on October 10, 2016, in the trial court from the September 22, 2016 decree for termination, by original counsel for the mother, T.M.J., setting the 180-day compliance deadline for April 10, 2017. *See* TEX. R. APP. P. 4.1(a), 26.1(b). Although this is appellant's counsel's first extension request, the accelerated schedule in parental termination cases requires greater compliance with briefing deadlines and greater scrutiny of extension requests. *See, e.g.*, TEX. R. APP. P. 28.4(b)(2) (stating that record extension requests in parental termination cases may be granted by appellate court, but must not exceed 30 days cumulatively, absent extraordinary circumstances).

Appellant's counsel contends that an extension is needed because his heavy trial and hearing schedule and his health issues in the past month made him unable to complete appellant's brief on time. More importantly, appellant's counsel asserts that

such a long, 41-day extension until January 15, 2017, is necessary because the trial court has reset the hearing for his motion for new trial, timely filed in this case in the trial court on October 24, 2016, from December 6, 2016, until January 5, 2017, which is the last day of the trial court's plenary power. *See* TEX. R. CIV. P. 4, 329b(a), (e). Appellant's counsel further asserts that such a long extension is necessary because, assuming the trial court will deny the motion for new trial, the court reporter will likely take at least a week after the January 5, 2017 hearing to prepare the reporter's record in an expedited manner, and then counsel will need a few days after receiving the record to complete appellant's brief.

Accordingly, appellant's first motion for an extension of time to file appellant's brief is **GRANTED until January 17, 2017, but no further extensions will be granted**. *See* TEX. R. APP. P. 4.1(a), 10.5(b)(1)(C), 38.6(d). If appellant's brief is not filed by **January 17, 2017**, this case may be abated for the trial court to hold a hearing and appellant's counsel, James H. Dyer, may be required to show cause why he should not be relieved of his duties after a finding of good cause is rendered by the court on the record. *See* TEX. FAM. CODE ANN. § 107.016(2) (West Supp. 2016).

It is so ORDERED.


Judge's signature: /s/ Laura Carter Higley
                            ⊠ Acting individually

Date: December 8, 2016